

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2023

**BY ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:    *United States v. Jeanette Ramos*, 21 Cr. 756 (JPC)

Dear Judge Cronan:

    The Government respectfully submits this letter in advance of the sentencing of defendant Jeanette Ramos, currently scheduled for March 14, 2023, at 10:00 a.m.  For the reasons set forth below, the Government respectfully submits that a sentence below the Guidelines range (the "Guidelines Range") of 18 to 24 months' imprisonment is sufficient but not greater than necessary to serve the purposes of sentencing.

    **I.**    **Offense Conduct**

    Between December 2012 and December 2017, the defendant served as an employee of an employee benefit plan (the "Fund") that provides pension and disability benefits on a monthly basis through benefit checks to participants of the Fund.  (PSR ¶ 10).  The Fund was established and maintained by a union (the "Union"), among other employers.  (PSR ¶ 12).  Between October 2013 and December 2017, during the course of her employment, the defendant embezzled approximately $268,010.  (*Id.*)  The defendant perpetrated the scheme by depositing benefit checks that were addressed to Fund participants, the vast majority of whom were deceased, into her personal bank account in the Bronx, New York ("Account-1").  (PSR ¶¶ 12-13).  In total, the defendant deposited approximately 700 checks addressed to over 50 participants of the Fund into Account-1.  (PSR ¶ 13).  The defendant also deposited at least eight benefit checks totaling approximately $7,500 into Account-1.  (*Id.*)  The defendant subsequently made large cash withdrawals form Account-1.  (PSR ¶ 14).

    **II.**    **Procedural History and Applicable Guidelines Range**

    On September 8, 2022, the defendant pleaded guilty, pursuant to a plea agreement (the "Plea Agreement"), to Count One of a Superseding Information.[1]  Count One charges the

---

[1] In the Plea Agreement, the Government calculated the Stipulated Guidelines Range as 24 to 30 months' imprisonment based on an offense level of 17, which included a two-point enhancement

defendant with embezzlement from an employee benefit plan, in violation of Title 18, United States Code, Sections 664 and 2. The U.S. Probation Office ("Probation") calculates the Guidelines range as follows: Pursuant to U.S.S.G. to §2B1.1, the base offense level is 6. (PSR ¶ 22). Pursuant to U.S.S.G. § 2B1.1(b)(1)(G), because the loss was more than $250,000, but less than $550,000, the offense level is increased by 12 levels. (PSR ¶ 23). After a three-level decrease for acceptance of responsibility, the defendant's total offense level is fifteen. (PSR ¶ 31.) The defendant has a criminal history score of zero and is therefore in Criminal History Category I. (*Id*. ¶ 35.) Accordingly, the Guidelines range is 18 to 24 months' imprisonment. (PSR ¶ 75.)

### III. Discussion

#### A. Applicable Law

While advisory following *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines remain "the starting point and the initial benchmark" for sentencing proceedings. *Gall v. United States*, 552 U.S. 38, 49 (2007). That is because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Id.* at 46. For that reason, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

In imposing a sentence, the Court must consider the factors set forth at 18 U.S.C. § 3553(a), which include the "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id*. § 3553(a)(6). The factors also include the "need for the sentence imposed"

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) for the offense involving 10 or more victims. (PSR ¶ 4(d)-(f)). After the defendant's plea hearing, however, the Government concluded that the enhancement was not applicable since there were not, in fact, ten separate victims of the defendant's conduct. That is because almost all of the beneficiary checks cashed by the defendant were in the name of deceased individuals which resulted in the union being the ultimate victim of the defendant's embezzlement. As such, the Government agrees with the Guidelines range as calculated by Probation.

*Id.* § 3553(a)(2).

### B. The Court Should Impose a Sentence Below the Guidelines Range

A sentence below the Guidelines Range of 18 to 24 months' imprisonment would appropriately take into account the factors set forth in 18 U.S.C. § 3553(a). In this case, the most salient factors are the nature and circumstances of the offense, the need to afford adequate deterrence to criminal conduct, and the history and characteristics of the defendant.

The defendant undoubtedly committed a serious offense. The defendant engaged in a years-long fraud scheme by embezzling approximately $268,010 from the Fund, her long-time employer. The defendant's criminal conduct was not a one-time occurrence. The defendant deposited approximately 700 checks addressed to over 50 participants of the Fund into her personal bank account over a period of four years. The defendant was entrusted to act in the best interests of others and abused her position for personal gain.

As noted by the Fund in its Victim Impact Statement, attached hereto as Exhibit A, the Fund was established as an employee pension benefit plan to provide retirement income to union members who predominately work in the warehousing and manufacturing industries. The Fund's "members accrued credits towards a retirement benefit that was designed to sustain and reward them and their families after a long career." (Ex. A at 1). This is particularly important because "[s]imilar to other blue-collar workers, it is often difficult for these members to [] accrue personal savings or save for retirement outside of the Pension Fund, making the retirement benefit they stand to collect from the Pension Fund that much more important." (*Id.*) Rather than safeguarding the retirement benefits of the Funds' hardworking members, the defendant chose, repeatedly, to enrich herself at the expense of the Fund and its members. As the Fund notes:

> Ms. Ramos was entrusted with the important responsibility of rewarding the hardworking men and women of the Union after a long career; she was responsible for sending out the monthly pension checks and death benefit checks used to aide [*sic*] the families of deceased members. While the other employees of the Pension Fund took (and continue to take) pride in this objective, Ms. Ramos used her position of trust to line her own pockets at the expense of the men and women who rely on the Pension Fund for their retirement. (Exhibit A at 2).

Further, as to general deterrence, it is important to send a clear message to those who would consider embezzling or abusing positions of trust that such misconduct will be met with serious consequences. It can be very difficult to uncover self-dealing schemes. It is important to send an important message to fiduciaries that legal and professional obligations take precedence over economic opportunities.

An incarceratory sentence below the Guidelines Range, however, will account for mitigating factors that apply specifically to this defendant. As set forth in the PSR and the defense submission, the defendant has encountered significant challenges throughout her life. The defendant suffered from a traumatic upbringing, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The defendant has also experienced periods of homelessness and has resided in shelters. Significantly, the

defendant has shown a positive adjustment to Pretrial Supervision and has expressed sincere remorse for her actions, which reduces the risk of recidivism. A sentence below the Guidelines Range would therefore acknowledge these mitigating circumstances, while furthering the legitimate purposes of sentencing.

### IV.    Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence below the Guidelines Range of 18 to 24 months' imprisonment. A sentence below the Guidelines Range would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Mitzi S. Steiner
Assistant United States Attorney
(212) 637-2284